## PEOPLE EX REL. O'BRIEN v. ADAMS.

APPEAL — CHALLENGING JURISDICTION OF SUPREME COURT.— Where an alleged fatal defect exists in the taking of an appeal, but the appeal bond has been approved and filed within the time fixed therefor by order of the trial court, the jurisdiction of the supreme court should be challenged by a motion to strike out, and not by *mandamus* to compel the issuance of execution.

*Original Application for Mandamus.*

Messrs. SULLIVAN & MAY and Mr. CHAS. G. CLEMENTS, for petitioner.

Mr. HENRY T. ROGERS, for respondent.

PER CURIAM. We are informed, among other things, by the petition presented, that a certain money judgment in favor of relator was entered in the district court; that from this judgment an appeal was prayed and allowed; that an appeal bond was filed and approved within the time fixed therefor by order of the court. After these things were done in the court below, relator, conceiving that the appeal was not properly perfected, for the reason, as he claims, that it was not prayed within three days after the rendition of the judgment, applied to the clerk for an execution, which the clerk refused to issue. He then appealed to the court for an order commanding the clerk to issue the execution. This application was, upon consideration, also denied. Thereupon the present

petition was filed in this court, asking for a writ of *mandamus* compelling the clerk to issue the execution.

The order of the district court in relation to the appeal having been complied with, the jurisdiction of the supreme court clearly attached, unless some fatal irregularity existed. Defects in perfecting appeals similar to the one upon which the present application is based have heretofore been uniformly taken advantage of by motion in this court to strike from the docket and files. If thus stricken, the cause would be remanded to the court below, and the execution would, upon demand, doubtless issue. The remedy thus given is plain, speedy and adequate, besides being simpler and more economical than *mandamus*. No authority need be cited to the proposition that under such circumstances the writ of *mandamus* should not issue. The application is denied.

*Denied.*